## WILLIAM SCOTT *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—369.]

**Continuance of Criminal Trial.**

> Where a criminal cause has been several times continued on the application of the defendant, it should not again be continued upon such application because of the absence of an additional impeaching witness.

**Omission of Word in an Indictment.**

> . A verbal inaccuracy, like an error in spelling, which does not affect the meaning, is not fatal to an indictment; and an indictment charging one with the crime of malicious shooting with intent to kill, which leaves out the word "with," will not render the indictment bad.

APPEAL FROM HARDIN CIRCUIT COURT.

November 12, 1885.

OPINION BY JUDGE HOLT:

The appellant, William Scott, mainly relies upon two alleged errors for the reversal of a judgment against him, sentencing him to the three years' confinement in the penitentiary for malicious shooting. The case had been continued at his instance several times. The motion to again continue it, made at the term of court when he was tried, was based upon the absence of witnesses for whom it had previously been continued, save Isham Scott, E. Noe and F. Gapett. The first named one had not been summoned, nor is it shown what he would prove. The affidavit states that Noe would testify that one of the state's witnesses was not credible; but this was shown by at least one witness, who testified upon the trial, and there was no rebutting evidence offered. Moreover, after a case

had been continued several times a defendant should not expect a continuance because of the absence of an additional impeaching witness. The testimony of Gapett according to the affidavit would have been that the accused was at a certain place until noon of the day of the shooting; but it is not shown that this would have been at all material, as the bill of exceptions does not show that the time of day when the shooting occurred was proved.

It is urged, however, that the indictment is defective because in the accusatory part of the indictment it charges the defendant with "the crime of malicious shooting," and does not use the word "wilful"; and also because in attempting to state in the body of the indictment that the shooting was done with intent to kill, the word, "with" is omitted; and hence it is urged that the intent with which the act was done is not charged. In alleging the circumstances, however, in the body of the indictment constituting the alleged offense, it is stated that it was done "wilfully, unlawfully, and feloniously"; and the omission of the word "with" clearly did not mislead the accused or prejudice his substantial rights.

A verbal inaccuracy like an error in spelling, which does not affect the meaning, is not fatal to the indictment. Thus an indictment for the sale of spirituous liquors without license, the omission of the word "did", which should be found with the words "sell and dispose of" is immaterial. The omission of the word "with", in this instance, could not have deceived the defendant because it did not affect the sense; and the meaning of the statement as made was clear and could not have been misunderstood.

Judgment *affirmed.*

*James Montgomery, for appellant.*

*P. W. Hardin, for appellee.*